UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **FLORENCE BRASS** | **CIV. ACTION NO. 3:22-06146** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART LOUISIANA, L. L. C.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 7] filed by Plaintiff Florence Brass. The motion is opposed. For reasons set forth below, it is recommended that the motion to remand be DENIED.

### Background

Florence Brass ("Brass") filed the instant Petition for Damages on February 22, 2022, against Wal-Mart Louisiana, L.L.C. ("Walmart") in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. (Petition). Brass seeks recovery for injuries that she sustained after she tripped and fell on September 18, 2021, on a flat cardboard box that was lying in the middle of the aisle at the Louisville Avenue Walmart Store, Monroe, Louisiana. *Id*.

Brass served Walmart with the petition on March 11, 2022. (Notice of Removal). Walmart filed its answer on April 7, 2022. (Notice of Removal, Exh. B). On April 28, 2022, Brass responded to various discovery requests from Walmart wherein she stated that her injuries included a left knee contusion that likely will require a total knee arthroplasty, plus a total left knee replacement. *See* Pl. Ans. to Def.'s 1st Set of Interr., Resps. to Requests for Prod. of Docs, and Resps. to Reqs. for Admission; M/Remand, Exh. A [doc. # 7-2]. Nonetheless, Brass denied Walmart's request to admit that her damages exceeded $75,000, exclusive of interest and costs.

*Id*.

On June 13, 2022, Walmart received copies of Brass's medical records which confirmed Brass's prior discovery response that her treatment involved total knee replacement. (May 11, 2022-Office Visit Notes; M/Remand, Exh. B [doc. # 7-3]).

On September 28, 2022, counsel for Walmart sent Brass's attorney a letter offering to settle the case for $2,500. (Sept. 28, 2022 letter from J. Joffrion to M. Neal; M/Remand, Exh. C [doc. # 7-4]).

On November 8, 2022, counsel for Brass responded to Walmart's settlement offer by noting that his client had suffered a torn ACL, torn medial meniscus and torn lateral meniscus which required corrective orthoscopic surgery and rehabilitation. (Nov. 8, 2022 email from M. Neal to J. Joffrion; M/Remand, Exh. E [doc. # 7-6]). Brass's attorney added that the injury was valued between $170,000 and $250,000. *Id*.

In light of Brass's representation that she estimated the value of her injury to be no less than $170,000, Walmart removed the case to federal court on December 7, 2022, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

On January 4, 2023, Brass filed the instant motion to remand the case to state court on the grounds that Walmart did not timely remove the case to federal court within thirty (30) days of receipt of an "other paper" from which it first may have ascertained that the case was removable.

Walmart filed its opposition brief on January 26, 2023. [doc. # 10]. Brass did not file a reply and the time to do so has passed. *See* Notice of Motion Setting [doc. # 8]. Accordingly the matter is ripe.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Walmart invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiff and defendants, and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Brass does not contest that the parties are completely diverse, and that the amount in controversy exceeds $75,000. Although the parties cannot confer federal subject matter jurisdiction via consent,[3] the record establishes that Brass and Walmart are completely diverse[4] and that the amount in controversy exceeded $75,000 at the

---

[3] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).

[4] Brass is a citizen of Louisiana, whereas Walmart is a citizen of Arkansas. (Notice of

3

time of removal.[5]  Thus, the sole issue is whether Walmart complied with the procedural requirements of removal.

The removal process is fraught with procedural pitfalls for the unwary defendant including, but not limited to, the temporal filing limitations at issue here.  Under the removal statute, a defendant must file a notice of removal (1) within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief, or the summons, whichever period is shorter; or (2) if the case "stated by the initial pleading is not removable," within 30 days after defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(1) & (3).[6]

To trigger § 1446(b)'s initial 30-day removal period, the initial pleading must include a "specific allegation that damages are in excess of the federal jurisdictional amount."  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013).[1]  Here, Brass's original petition does not contain any such

---

Removal and Diversity Juris. Discl. Statements [doc. #s 1, 13-14]).

[5]  *See* Nov. 8, 2022 Letter from M. Neal to J. Joffrion; M/Remand, Exh. E.

[6]  On December 7, 2011, Congress amended 28 U.S.C. § 1446(b) pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA").  *See* Pub.L 112-63.  Other than dividing the 30-day removal periods into separately numbered paragraphs, the JVCA's remaining changes do not undermine the Fifth Circuit decisions addressing the 30-day removal periods.  *See* discussion, *infra*.

[1]  "*Chapman* lays out a 'bright line rule requiring the plaintiff, if [s]he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*.'"  (emphasis added).  *Mumphrey, supra* (quoting *Chapman, supra*).  As the Fifth Circuit explained,

> [t]he *Chapman* court had several practical ramifications in mind when it

4

allegation; thus, the initial 30-day removal window was not triggered.

In *Bosky v. Kroger Texas, LP*, the Fifth Circuit endeavored to establish another "bright line" rule for purposes of § 1446(b)'s second 30-day removal period. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The court explained that

> the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).[2] This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (footnote omitted).

For at least the past decade, this court has interpreted *Bosky* as imposing a trigger for the second removal period that is at least as strict as that set forth in *Chapman*. *See Wells v. Toms*, Civ. Action No. 21-3787, 2022 WL 2425783, at *3 (W.D. La. Jan. 28, 2022), *R&R adopted*, 2022 WL 2427588 (W.D. La. Mar. 4, 2022) (citing *Smith v. Wal-Mart Louisiana, LLC*, Civ. Action No. 13-2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013)). In other words, the second 30-day removal limitation is not implicated unless the amended pleading, motion, order,

---

> announced this standard. By rejecting a so-called due-diligence standard, it sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading. Moreover, the *Chapman* court wanted to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading satisfies the amount in controversy.

*Mumphrey, supra* (internal citations omitted).

[2] Now § 1446(b)(3).

5

or other paper[3] includes a specific allegation or damages estimate that the plaintiff's damages exceed the federal jurisdictional minimum. *See Smith, supra*.[4]

In this case, Brass argues that Walmart was required to remove the case within 30 days of June 13, 2022, because that is when it received her treatment records which included her diagnosis and associated need for future total knee replacement. Brass argues that these medical records and her prior medical treatment "indisputably evinced" that her damages exceeded $75,000. In addition, Brass cited case law where plaintiffs with injuries akin to hers recovered general damages of at least $240,000. *See* M/Remand, Memo., pgs. 6-7.

Removing defendants, however, are not held to a due diligence standard. *Drago v. Sykes*, Civ. Action No. 13-563, 2013 WL 3804834 (E.D. La. July 19, 2013) (citing *Chapman*, *Mumphrey*, and *Bosky*). If a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not make removal "unequivocally clear and certain" as *Bosky* contemplated. Likewise, if a defendant has to conduct independent research by consulting "quantum books," then the discovery responses are not sufficiently "unequivocally clear and certain" to trigger the 30-day removal period. *See Cole ex rel. Ellis v. Knowledge Learning*

---

[3] Under the JVCA, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

[4] An unintended consequence of *Bosky* is that a defendant may be able to establish by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional minimum, even though the pleadings and "other papers" do not suffice to trigger the § 1446(b) removal window(s). *See Mumphrey*, 719 F.3d at 400, n.13; *Biggs v. Cajun Operating Co.*, 2011 WL 196096 (N.D. Tex. Jan. 19, 2011) (noting the incongruity between the standard to satisfy amount in controversy and the standard to trigger mandatory removal).

*Corp.*, 416 F. App'x 437, 440 (5th Cir. March 4, 2011).[5]

In this case, it is manifest that the 30-day removal clock authorized under § 1446(b)(3) was not triggered prior to November 8, 2022, when Wal-Mart received an email from Brass's attorney that included a *specific damage estimate* in excess of the jurisdictional minimum. Wal-Mart timely removed the case within 30 days thereafter.

### Conclusion

For the above-assigned reasons, the undersigned finds that the removal did not transgress § 1446(b)'s 30-day removal limits. 28 U.S.C. § 1446(b)(1) & (3). Accordingly,

IT IS RECOMMENDED that Plaintiff's motion to remand [doc. # 7] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[5] In April 2022, Brass, via counsel, acknowledged that she was going to undergo a total knee replacement surgery. Nonetheless, in the same discovery responses, her attorney denied that her damages exceeded $75,000. The treatment note received by Walmart in June merely confirmed the surgery that Brass had stated that she intended to undergo in her earlier discovery response. If that same (or related) surgery did not allow Brass to admit that her own damages exceeded $75,000, then it is difficult to comprehend how duplicative documentary evidence should have made it "unequivocally clear and certain" to Walmart that Brass's prior refusal to admit that her damages exceeded the jurisdictional minimum was no longer valid.

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 21st day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE